UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HARVEY FREDERIC STERLING, | |
| Plaintiff, | Case No. 1:13-cv-319 |
| v. | Honorable Paul L. Maloney |
| COMMISSIONER OF SOCIAL SECURITY, | **REPORT AND RECOMMENDATION** |
| Defendant. | |

This was a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB). On March 24, 2015, this Court entered a judgment vacating the Commissioner's decision and remanding this matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. The matter is now before the Court on plaintiff's application for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (docket # 18). For the reasons set forth herein, I recommend that plaintiff's motion be granted in part and denied in part, and that a judgment be entered in plaintiff's favor in the amount of $3,100.00.

**Discussion**

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010). The Sixth Circuit has identified three conditions which must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See DeLong v. Commissioner*, 748 F.3d 723, 725 (6th Cir. 2014). Plaintiff is a prevailing party under this Court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Plaintiff is a financially eligible person under the EAJA. Defendant offers no special circumstances which might warrant denial of fees and has made no attempt to satisfy the burden of demonstrating that the government's position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Peck v. Commissioner*, 165 F. App'x 443, 446 (6th Cir. 2006). Plaintiff is entitled to an award of attorney's fees under the EAJA.

### 1. Hours Claimed

The United States Court of Appeals for the Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications. *See Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992). The EAJA requires "an itemized statement from [the] attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Plaintiff seeks compensation for 22 hours in attorney time. (docket # 18-5, Page ID 484). This is reasonable for the work performed.

### 2. Hourly Rate

The EAJA generally caps the hourly rate for attorney's fees at $125 per hour. 28 U.S.C. § 2412(d)(2)(A). Plaintiff seeks to recover at a rate of $175.00 for work performed in this Court.

(docket # 18-4 at 3, Page ID 482). The requested rate is well above the statutory cap. I find that compensation at the statutory cap provides reasonable compensation for the work performed before the Court. Multiplying the 22 hours reasonably expended by counsel by the $125 per hour rate results in a $2,750.00 total. Plaintiff is entitled to an award of EAJA attorney's fees in the amount of $2,750.00 for the reasonable attorney's fees expended in this matter.

### 3.     District Court Filing Fee

Plaintiff paid the $350.00 filing fee. He asks for "reimbursement of costs for the District Court filing fee of $350.00[,] payable from the judgment fund[.]" (docket # 18-4, Page ID 482). Recovery of the civil filing fee is appropriate. *See* 28 U.S.C. § 2412(a)(1); *see also Tetzlaff v. Commissioner*, 1:14-cv-872, 2015 WL 2354741, at * 2 (W.D. Mich. May 15, 2015); *Ford v. Commissioner*, No. 1:12-cv-1031, 2013 WL 5538784, at *1 (W.D. Mich. Oct. 8, 2013). "The court should decline to issue any direction regarding the 'fund' from which the defendant must satisfy this, or any other portion, of the judgment. It is appropriate to note that the Secretary of Treasury was never a party to this lawsuit, and no foundation has been established to order the Secretary to do anything with the funds under his control. The Commissioner was the defendant, but the manner in which she elects to satisfy the court's judgment is up to her." *Burton v. Commissioner*, No. 1:12-cv-669, 2013 WL 3283644, at * 2 (W.D. Mich. June 28, 2013).

### 4.     Judgment

Plaintiff asks that the EAJA award be made payable to plaintiff's attorney. The EAJA provides in pertinent part that the court shall award fees "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). Thus, any judgment entered for EAJA attorney's fees must be entered in plaintiff's favor. *See Astrue v. Ratliff*, 560 U.S. at 591-93. Any agreements entered into between plaintiff and

counsel are not part of this closed case and cannot be injected into it at this juncture. There is a significant potential for conflict among plaintiff, his creditors, and his attorney with regard to the EAJA fees. "The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract." *Astrue v. Ratliff*, 560 U.S. at 599 (Sotomayor, J. concurring). Plaintiff's contractual obligations to his attorney are not part of this case.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Court enter an order granting plaintiff's motion in part and denying it in part, and that the Court enter a judgment in plaintiff's favor against defendant in the amount of $3,100.00.


Dated:  July 15, 2015            /s/  Phillip J. Green
                                 United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).