UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVEY STERLING,

        Plaintiff,                              Hon. Paul L. Maloney

v.                                                Case No. 1:13-cv-319

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

      This matter is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). (ECF No. 22). Plaintiff's counsel seeks $19,398.87 in fees, as detailed in his application. Defendant has not opposed counsel's request. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be granted.

      On March 24, 2015, this matter was remanded to the Commissioner for further administrative proceedings. (ECF No. 16-17). Plaintiff was subsequently awarded disability benefits, including past-due benefits of more than one-hundred thousand dollars, 25 percent of which, $34,398.87, was withheld to pay counsel. (ECF No. 22-3, PageID.504-09). Counsel submits the present motion seeking an award pursuant to the contingent fee arrangement into which he and Plaintiff entered. (ECF No. 22-3, PageID.500). According to this agreement, Plaintiff agreed to pay counsel a fee not greater than 25

percent of any past-due benefits he ultimately received.  (*Id.*).

The Social Security Act provides that "whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  42 U.S.C. § 406(b)(1)(A).  There exists "a rebuttable presumption of reasonableness to contingency-fee arrangements that comply with § 406(b)'s 25-percent cap."  *Lasley v. Commissioner of Social Security*, 771 F.3d 308, 309 (6th Cir. 2014).  Nevertheless, counsel is not automatically entitled to 25 percent of his client's past-due benefits.  Instead, the Court has an independent obligation to assess the reasonableness of a request for attorney fees.  *See Gisbrecht*, 535 U.S. at 807 ("§ 406(b) calls for court review of [contingent-fee agreements] as an independent check, to assure that they yield reasonable results in particular cases").  The burden to establish that a fee request is reasonable rests with counsel.  *Ibid.*

Counsel is seeking $19,398.87 for work performed in this Court.  Counsel asserts that he will also be seeking $15,000.00 in fees for work performed before the Commissioner.[1]  These two amounts combined equal twenty-five percent of Plaintiff's past-due benefits.  While the requested award equates to a significant hourly rate, counsel

---

[1] The Court offers no opinion as to any fee request counsel may advance in another forum, as this Court can only resolve fee requests concerning work performed in this Court.  *See* 42 U.S.C. § 406(a)-(b); *Van Horn v. Commissioner of Social Security*, 2014 WL 4063871 at *2 (W.D. Mich., Aug. 18, 2014) ("[t]his court cannot award plaintiff's attorney anything under section 406 for the work he performed at the administrative level").

should not be punished for obtaining exemplary results in an efficient manner.  *See, e.g., Kazanjian v. Astrue*, 2011 WL 2847439 at *2 (E.D.N.Y., July 15, 2011) (where counsel requested more than $48,000 in § 406(b) fees for less than 20 hours work, the court observed that counsel "should not, however, be penalized for being efficient, which is exactly what I would be doing if I cut his requested fee").  The Court must also take into consideration the general risk associated with contingent fee cases.  *See, e.g., Ballatore v. Commissioner of Social Security*, 2015 WL 5830836 at *5 (E.D. Mich., Aug. 5, 2015) (one consideration in the windfall analysis is whether counsel obtained a large award with minimal risk).  Considering all the relevant circumstances, the Court finds counsel's request to be reasonable.

While counsel is entitled to receive a portion of Plaintiff's past-due benefits, any award pursuant to § 406(b) must account for any amounts previously paid to counsel pursuant to the Equal Access to Justice Act.  *See Gisbrecht*, 535 U.S. at 795-96 (where counsel receives a fee award pursuant to both the EAJA and 42 U.S.C. § 406(b), he must "[r]efund to the claimant the amount of the smaller fee").  The Court previously awarded $3,100.00 in EAJA fees, (ECF No. 20), which counsel acknowledges was ultimately paid to him pursuant to his fee agreement with Plaintiff.  (ECF No. 22-2, 22-3, PageID.498, 500).  Counsel acknowledges that this amount must now be refunded to Plaintiff.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), (ECF No. 22), be granted and counsel be awarded nineteen thousand, three hundred ninety-eight dollars and eighty-seven cents ($19,398.87).   The undersigned further recommends that counsel be ordered to refund to Plaintiff three thousand one hundred dollars ($3,100.00) previously awarded in EAJA fees.

Dated: August 12, 2019              /s/   Phillip J. Green
                                    PHILLIP J. GREEN
                                    United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.   28 U.S.C. □ 636(b)(1)(C); FED. R. CIV. P. 72(b).   All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).   Failure to file timely and specific objections may constitute a forfeiture of any further right of appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *Berksire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012).   General objections do not suffice.   *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).